**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION NO. 10-081-01** |
| **v.** | : | |
| | : | **CIVIL ACTION NO. 13-4254** |
| **TYRONE FIELDS** | : | |

<u>**MEMORANDUM OPINION**</u>

RUFE, J.                                                                                    November 18, 2015

Defendant Tyrone Fields has filed a motion pursuant to 28 U.S.C. § 2255 seeking to

vacate his sentence based on his counsel's alleged ineffectiveness. The Government opposes the

motion and requests that it be dismissed or denied without hearing. For the reasons discussed

below, Defendant has failed to establish that his attorney was ineffective and thus his motion will

be denied.

**I.        FACTUAL AND PROCEDURAL HISTORY**

After a jury trial, Defendant was convicted of the possession of a firearm by a convicted

felon in violation of 18 U.S.C. § 922(g)(1). At his sentencing hearing on February 8, 2012,

Defendant admitted that he was convicted of the offenses listed in the Presentence Investigation

Report (PSR), including three convictions for manufacturing crack cocaine, delivering it, or

possessing it with the intent to manufacture.[1] Because these three prior convictions involved

selling crack cocaine, counsel did not contest that "they qualified as serious drug offenses" under

the Armed Career Criminal Act (ACCA) and thus subjected Defendant to a fifteen-year

---

[1] Ex. A to Gov's Resp. at 25-26; Sentencing Transcript ("Tr.") at 25-26; Presentence Investigation Report at 10-13.

mandatory minimum sentence.[2] The Court sentenced Defendant to 15 years (180 months) of imprisonment, 5 years of supervised release, a $1,500 fine, and a $100 special assessment.[3]

Defendant appealed the judgment of conviction and sentence, and the Court of Appeals affirmed.[4] Defendant then filed this motion *pro se* pursuant to 28 U.S.C. § 2255. He argues that his attorney was ineffective for failing to challenge the prior criminal convictions that qualified Defendant as an armed career criminal subject to a fifteen-year mandatory minimum sentence.[5]

## II.    LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner serving a sentence in federal custody may petition the court which imposed the sentence to vacate, set aside, or correct the sentence by asserting that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[6] "Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[7]

---

[2] Sentencing Tr. at 25-26; Ex. A to Gov's Resp. at 25-26.

[3] Sentencing Tr. at 40-44; Ex. A to Gov's Resp. at 40-44.

[4] *United States v. Fields*, 507 F. App'x 144, 150 (3d Cir. 2012).

[5] 18 U.S.C. § 924(e).

[6] 28 U.S.C. § 2255(a).

[7] *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

It is within the district court's discretion to determine whether it should order a hearing on a motion made under 28 U.S.C. § 2255.[8]  In exercising this discretion, the court first must determine whether the movant "has alleged facts, viewed in the light most favorable to him, that, if proven, would entitle him to relief."[9] Second, the court must determine whether a hearing is necessary to determine whether the factual allegations are true.[10] Where the movant's claim for relief is based on the ineffectiveness of his counsel, the court must determine whether all non-frivolous claims, if true, conclusively fail to establish that counsel was ineffective.[11]  The movant must demonstrate both that his attorney's performance was deficient and that the deficiency caused him prejudice to establish that counsel was ineffective.[12]  An attorney's performance is deficient only if it falls "below an objective standard of reasonableness" and such deficiency prejudices the defense only where "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[13]

## III.   DISCUSSION

Under the Armed Career Criminal Act (ACCA), a person who is convicted of the possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and has three prior convictions for "a serious drug offense" must be sentenced to a minimum of fifteen years

---

[8] *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) (citation omitted).

[9] *Gov't of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d Cir. 1994).

[10] *Id.*

[11] *Id.* (internal quotations and citations omitted).

[12] *Strickland  v. Washington,* 466 U.S. 668, 694 (1984); *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) (internal citations omitted).

[13] *Id.* (internal citations and quotations omitted).

imprisonment.[14] A serious drug offense includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance…for which a maximum term of imprisonment of ten years or more is prescribed by law."[15] Defendant argues that his counsel was ineffective for failing to challenge his predicate state drug convictions and the applicability of this armed career criminal enhancement.[16]

Defendant makes three major arguments in support of his claim. First, he argues that his counsel failed to challenge Defendant's guilty pleas for his state offenses as being entered unintelligently, unknowingly and involuntarily. Next, Defendant argues that counsel was ineffective in conceding that the prior convictions were for serious drug offenses under the ACCA. Finally, Defendant contends that counsel failed to argue that Defendant should be sentenced to less than fifteen years of imprisonment.

### A.      Counsel's Failure to Challenge Defendant's State Guilty Pleas

Defendant contends that, at sentencing, his attorney should have argued that Defendant's prior state convictions were invalid because they were based on unknowing, unintelligent and involuntary guilty pleas. However, the Supreme Court has foreclosed this argument.[17] In *Custis v. United States,* the Supreme Court held that defendants in federal sentencing proceedings may not "collaterally attack the validity of previous state convictions that are used to enhance…sentence[s] under the ACCA," except where the convictions were obtained in

---

[14] 18 U.S.C. § 924(e)(1).

[15] 18 U.S.C. § 924(e)(2)(A).

[16] In Defendant's reply to the Government's response, Defendant clarified that his claims for relief are all based on the ineffectiveness of his counsel during the sentencing proceeding. *See* Def's Reply at 2.

[17] 511 U.S. 485, 487 (1994).

4

violation of the right to counsel.[18] Defendant does not claim that his convictions were

uncounseled or obtained in violation of his right to counsel. In fact, as it is reported in the PSR,

all of the relevant convictions were counseled, a fact which Defendant did not contest at

sentencing.[19] As a result, Defendant's sentencing counsel was not ineffective for failing to raise

this meritless claim.[20]

### B.     Counsel's Failure to Contest that Defendant's Prior Convictions were Serious Drug Offenses under ACCA

Defendant next argues that the Government failed to meet its burden of proving that

Defendant's prior convictions were serious drug offenses under ACCA. Defendant contends that

the Government failed to produce judicial documents to prove his prior convictions, such as the

charging documents, written plea agreements, or transcripts of plea colloquies, and thus did not

satisfy its burden.  The Government responds that Defendant's own admissions were sufficient to

establish that the prior convictions were for serious drug offenses and thus counsel was

reasonable in not challenging the Government's proof.

In evaluating whether counsel is ineffective, there is "a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance."[21] Defendant has not

overcome this strong presumption. At sentencing, Defendant's counsel stated:

 [T]he predicate convictions for the imposition of the 924(e) enhancement all relate back
 to street corner drug sales of small amounts of cocaine…because all of those street corner

---

[18] *Id.*

[19] *See infra*, III.B.

[20] *United States v. Sanchez*, 53 F. App'x 208, 211 (3d Cir. 2002) (holding that counsel was not ineffective when he failed to raise a meritless argument, as it "was completely reasonable and did not in any way affect the Court's sentencing decision."); *Derrickson v. Meyers*, 177 F. App'x 247, 250 (3d Cir. 2006) ("Trial counsel cannot be deemed ineffective for failing to pursue a meritless claim.").

[21] *Strickland* , 466 U.S. at 689.

drug sales at age 19 involved cocaine, that is an offense in Pennsylvania which will carry as a maximum sentence a ten year period of incarceration. As such, they do qualify as serious drug offenses as defined by Section 924(e).[22]

Defendant was then colloquied on the record as to whether or not he objected to or contested any or all of the three qualifying prior convictions:

> The Court: The defendant should respond. Do you understand and do you agree with your attorney that you have reviewed the presentence report, specifically your prior criminal record section?
>
> The Defendant: Yes.
>
> The Court: Do you agree and admit that you have committed those offenses? I am referring specifically to paragraphs 36, 37, and 38…Paragraph[s] 42, 43, 44, and 45, and paragraph[s] 46, 48, and 49.
>
> The Defendant: Yes.[23]

Defendant admitted under oath that he had three prior convictions for possession of crack cocaine with the intent to distribute and for delivering crack cocaine.[24] He also admitted that the PSR, which similarly documented that Defendant had three convictions for possession of crack cocaine with the intent to distribute and for delivering crack cocaine, was accurate.[25] These offenses carry a maximum sentence of ten years imprisonment,[26] and thus are serious drug offenses under ACCA.[27] As a result, in light of Defendant's explicit admissions, counsel was not

---

[22] Sentencing Tr. at 25; Ex. A to Gov's Resp. at 25.

[23] Sentencing Tr. at 25-26; Ex. A to Gov's Resp. at 25-26.

[24] Sentencing Tr. at 25-26; Ex. A to Gov's Resp. at 25-26.

[25] Sentencing Tr. at 25-26; Ex. A to Gov's Resp. at 25-26; Presentence Investigation Report at 10-13.

[26] 35 Pa. Stat. § 780–113(f)(1.1).

[27] 18 U.S.C. § 924(e)(2)(A).

ineffective for failing to argue that the Government must present additional proof of Defendant's convictions.[28]

Defendant also argued that the Government can only establish that his prior convictions are serious drug crimes by reference to the statutory elements of the crime for which he was convicted, 35 Pa. Stat. Ann. § 780–113(a)(30). He contended that because the identity of the controlled substance is not an element of this crime, and because some convictions under this statute have a maximum sentence of less than ten years, his prior convictions cannot be used to enhance his sentence. This argument is meritless. Because the Third Circuit has held that 35 Pa. Stat. § 780–113(a)(30) is divisible, the Court can look beyond the elements of the crime and find that Defendant's prior convictions were for serious drug offenses based upon appropriate judicial documents.[29] As Defendant's own admissions at sentencing establish that his prior convictions were for serious drug crimes, his attorney was not ineffective for failing to make this argument.[30]

Even if counsel was deficient for failing to raise this argument, Defendant has also failed to show that he was prejudiced by this alleged deficiency. Defendant argues that he admitted to these convictions as a result of his counsel's ineffectiveness; had counsel instead challenged the Government to prove that the predicate offenses were serious drug crimes, Defendant argues that he would have received a lesser sentence. However, "general legal conclusions not supported by factual allegations are insufficient to support a § 2255 petition" and Defendant fails to support

---

[28] *United States v. Collins*, No. 11-60012-002, 2014 WL 462520, at *5 (W.D. Ark. Feb. 5, 2014), *certificate of appealability denied* (Sept. 24, 2014) (holding that counsel was not ineffective for failing to demand proof of convictions specified in the PSR where the Defendant did not deny that he was convicted of the offenses); *Jones v. United States*, No. 03-37-V, 2008 WL 394821, at *6 (W.D.N.C. Feb. 11, 2008) (holding that that counsel was not ineffective for failing object to PSR where the Defendant admitted that the PSR was accurate).

[29] *United States v. Abbott*, 748 F.3d 154, 156 (3d Cir. 2014); *Shepard v. United States*, 544 U.S. 13, 15-16 (2005); *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013).

[30] Def's Reply at 3; Ex. A to Gov's Resp. at 25-26.

7

this conclusion with any factual allegations.[31] Defendant has not alleged that the PSR or his admission to the offenses was inaccurate, or that state judicial documents would show that one or more of his controlled substance convictions carried a maximum sentence of less than ten years. As a result, there is nothing to suggest that the outcome of his sentencing proceeding would have been different if Defendant had not admitted that he was convicted of these three crack offenses and counsel had instead required the Government to put forth additional proof.[32]

### C.      Counsel's Failure to Argue for a Sentence Below Fifteen Years

Finally, Defendant contends that his attorney was ineffective for failing to argue at sentencing that the Court should impose a sentence below the ACCA's fifteen-year mandatory minimum sentence. He argues that his three prior convictions resulted in concurrent and lenient sentences, which are factors Federal courts consider in imposing sentences. As a result, Defendant claims that his fifteen year sentence violates 18 U.S.C. § 3553(a)'s mandate to impose a sentence that is no greater than necessary to comply with the purposes of sentencing.

While courts have discretion to depart downward from the sentencing guidelines when circumstances warrant, they cannot depart downward from a statutorily mandated minimum sentence.[33] The sentencing guidelines themselves provide that "the sentence may be imposed at any point within the applicable guideline range, *provided that the sentence… is not less than any statutorily required minimum sentence.*"[34] Because under 18 U.S.C. § 924(e), a mandatory

---

[31] *Walker v. United States*, 422 F.2d 374, 375 (3d Cir. 1970).

[32] *See Narducci v. United States*, No. 01-1945, 2003 WL 21488716, at *3 (D. Conn. June 23, 2003) (finding that the Defendant was not prejudiced by counsel's failure to object to the Government's evidence of the Defendant's prior convictions where Defendant did not dispute his prior convictions).

[33] *United States v. Donley,* 878 F.2d 735, 740-41 (3d Cir.1989).

[34] U.S.S.G. 5G1.1 (emphasis added).

minimum sentence of fifteen years applies to armed career criminals, this Court had no discretion to reduce Defendant's sentence below fifteen years and his counsel had no legal basis to argue that it should. Defendant received the minimum sentence he was eligible to receive under the law and counsel was thus not ineffective for failing to advance this meritless argument.[35]

## IV.    CONCLUSION

For the reasons stated above, Defendant's claims conclusively fail to establish that his counsel was ineffective in failing to contest his prior criminal convictions and the applicability of the armed career criminal enhancement. As a result, his motion will be denied without hearing. Because Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.[36]

---

[35] *Sanchez*, 53 F. App'x at 211.

[36] 28 U.S.C. § 2253(c)(2*)*; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).